# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Franklin J. Rooks, Jr., Esquire
PA Attorney ID: 309562
***Morgan Rooks, P.C.***
525 Route 73 North, Suite 104
Marlton, NJ 08053
Telephone No. (856) 874-8999
Facsimile No. (856) 494-1707
Email: fjrooks@morganrooks.com
Attorney for Plaintiff

| NICOLE DONDERO  *Plaintiff,*  v.  MAKE ME UP PRETTY LLC and VICTORIA ROGGIO,  *Defendants.* | : : : : : : : : : : : | **DOCKET NO.**  **CIVIL ACTION**  **JURY TRIAL DEMANDED**  **COMPLAINT** |
|---|---|---|

## PRELIMINARY STATEMENT

Nicole Dondero ("Plaintiff") by and through her counsel, Franklin J. Rooks Jr., Esquire of Morgan Rooks PC, brings this Complaint brings this lawsuit against Make Me Up Pretty LLC ("Defendant Spa") and Victoria Roggio ("Defendant Roggio") seeking all available relief under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Philadelphia Wage Theft Ordinance ("PWTO"). Defendant Spa and Defendant Roggio are collectively referred to herein as "Defendants."

## JURISDICTION

1. This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this court, pursuant to 28 U.S.C. §1331.

## VENUE

2. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3. Venue is proper in the judicial District as provided by 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff is an individual currently residing in Clementon, New Jersey.

5. Defendant Spa is a domestic limited liability company registered with the Pennsylvania Department of State under entity identification number 4064780.

6. Upon information and belief, Defendant Spa's headquarters are located at 219 Cuthbert Street, Floor 6, Philadelphia, Pennsylvania.

7. Upon information and belief, Defendant Roggio is a resident of the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

8. At all relevant times, Defendant Roggio was the principal of, and owned an interest in, Defendant Spa.

9. Upon information and belief, Defendant Roggio exercised discretionary control over payroll policies and decisions with respect to Plaintiff.

10. Defendant Spa does business under the name "Victoria Roggio Beauty."

11. "Victoria Roggio Beauty" is a fictitious name registered with the Pennsylvania Department of State under identification number 7353258.

12. Defendant Spa owns the fictitious name "Victoria Roggio Beauty."

13. Defendants operates a wellness spa located at 219 Cuthbert Street, Floor 6, Philadelphia, Pennsylvania Philadelphia, Pennsylvania (the "Spa").

14. Defendants hired Plaintiff on April 20, 2022.

15. Defendants gave Plaintiff the job title of "Spa Manager."

16. Plaintiff was hired for a 40-hour per week position.

17. Despite having the title of "Spa Manager," Plaintiff did not have any managerial responsibilities.

18. During the first year of her employment as the Spa Manager, Plaintiff worked 12-hour shifts at the Spa's front desk.

19. Plaintiff worked Tuesday through Friday from 8:30am until 7:30pm, and on Saturdays, from 8:30am until 6:30pm.

20. Plaintiff's responsibilities at the Spa's front desk included, but were not limited to, greeting clients, answering phones, making appointments for clients, entering client information into the company's computer system, and collecting client payments.

21. In additional to her front desk responsibilities, Plaintiff was also responsible for the Spa's laundry.

22. Plaintiff's job duties also included data entry into the Spa's payroll system for approval by Defendant Roggio.

23. On or about October of 2022, Defendants hired an additional person to work at the Spa's front desk.

24. Even after Defendants hired an additional person to staff the front desk, Plaintiff still worked at least six (6) hours on a daily basis at the front desk.

25. When Plaintiff was not working at the front desk, Defendants stationed her in the Spa's breakroom, where she performed her clerical duties.

26. After another person was hired to work at the Spa's front desk, Defendant Roggio gave Plaintiff additional clerical responsibilities.

27. Plaintiff became responsible for receiving shipments of spa products, keeping count of the Spa's inventory of products, and working on the Spa's website.

28. At all times relevant to this litigation, Plaintiff did not supervise any employees.

29. At all times relevant to this litigation, Plaintiff did not have any management responsibilities at Defendants' Spa.

30. Plaintiff did not have the authority to hire employees.

31. Plaintiff did not have the authority to discipline employees.

32. Plaintiff did not have the authority to terminate employees.

33. Plaintiff lacked the authority to make independent decisions on matters of importance to Defendants' business operations.

34. At all times relevant to this action, Defendants classified Plaintiff as an employee who was exempt from overtime compensation.

35. At all times relevant to this action, Plaintiff functioned as a non-exempt employee.

36. At all times relevant to this action, Plaintiff's primary responsibility was to perform non-exempt work.

37. At all times relevant to this action, Plaintiff's primary duties consisted of functions that were not exempt from overtime compensation.

## COUNT I

## VIOLATION OF THE FLSA

38. The preceding paragraphs are incorporated by reference as if fully set forth herein.

39. The FLSA requires that employers pay nonexempt employees at least the federal minimum wage for all hours worked and overtime pay for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).

40. Upon information and belief, Defendants' Spa has sales volume that exceeds $500,000.00 in a calendar year.

41. At all relevant times to this action, the Spa had employees and/or customers from outside of the Commonwealth of Pennsylvania.

42. Defendant Spa is a covered entity under the FLSA.

43. At all relevant times to this action, Plaintiff's primary work duties were clerical in nature.

44. Plaintiff did not perform any work that permitted her to exercise discretion and independent judgment as to matters of significance with respect to the business of the Spa.

45. Defendant Roggio was responsible for all business decisions pertaining to the Spa.

46. At all relevant times to this action, Plaintiff was not exempt from overtime under the Administrative Exemption.

47. At all relevant times to this action, Plaintiff was not exempt from overtime under the Executive Exemption.

48. Plaintiff worked approximately 55 to 60 hours per week without receiving any overtime compensation for the hours that she worked in excess of 40 hours per week.

49. Defendants failed to pay Plaintiff overtime for the hours that she worked in excess of 40 hours per week.

50. Defendants deliberately bestowed the title "Spa Manager" on Plaintiff to create the illusion that she was an employee who was exempt from overtime compensation.

51. Plaintiff has suffered damages for Defendants' failure to pay her overtime compensation.

**WHEREFORE**, Plaintiff requests that judgment be entered against Defendants, in the form of back-pay, liquidated damages, attorneys' fees and costs, and all other available damages under the

FLSA to the fullest extent permitted by law, as well as any other relief the Court may deem just and equitable.

## COUNT II

### **<u>VIOLATIONS OF THE PENNSYLVANIA MINIMUM WAGE ACT</u>**

52. Paragraphs 1 through 37 are incorporated by reference as though set forth herein.

53. The PMWA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at 150% of their regular rate of pay. 43 P.S. § 333.104(c); 34 Pa. Code § 321.41.

54. The PMWA provides exemptions from overtime for employees who work in a bona fide executive, administrative, or professional capacity. 43 P.S. § 333.105.

55. Defendants are subject to the overtime requirements of the PMWA because Defendants are employers under 43 P.S. § 333.104(g).

56. Defendants controlled payroll decisions, including the decision not to pay Plaintiff an overtime premium for each hour that she worked in excess of 40 hours per week.

57. During all relevant times, Plaintiff was an employee who was entitled to the protections under the PMWA, relative to overtime compensation. 43 P.S. § 333.103(h).

58. At all relevant times to this action Plaintiff's primary responsibilities were not of an exempt nature.

59. At all relevant times to this action, Plaintiff did not have any managerial responsibilities.

60. Defendants failed to compensate Plaintiff at an overtime rate for all hours that she worked in excess of forty (40) hour per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 321.41.

61. Pursuant to 43 P.S. § 333.113, employers, such as Defendants, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses not paid, interest, court costs and attorneys' fees incurred in recovering the unpaid wages.

**WHEREFORE**, Plaintiff requests that judgment be entered against Defendants, in the form of back-pay, liquidated damages, attorneys' fees and costs, and all other available damages under the PMWA to the fullest extent permitted by law, as well as any other relief the Court may deem just and equitable.

## COUNT III

## VIOLATION OF THE PWTO

62. Paragraphs 1 through 37 are incorporated by reference as though set forth herein.

63. The PWTO provides that any violation of the PMWA also constitutes a violation of the PWTO when either: (a) the work is performed in Philadelphia; or (b) the employment contract underlying the violation is made in Philadelphia. *See* § 9-4301.

64. Plaintiff worked for Defendants at their Spa, which was located in Philadelphia.

65. Defendants' violations of the PMWA occurred in Philadelphia.

66. Defendants' violations of the PWTO occurred in Philadelphia.

67. By failing to pay Plaintiff an overtime premium for hours that she worked in excess of forty (40) per week, Defendants violated the PMWA, and therefore, Defendants also violated the PWTO.

68. As a principal and managing agent of Defendant Spa, Defendant Roggio controlled payroll decisions, including the decision not to pay Plaintiff any overtime compensation.

69. Defendant Roggio is an employer of Plaintiff within the meaning of the PWTO. *See* PWTO, § 9-4301 ("Employer shall have the same meaning as in the [PMWA]."); s*ee also, e.g.*, *Schneider v. IT Factor Prods.*, No CIV. A. 13-5970 2013 WL 647555 (E.D. Pa. Dec. 10, 2013).

70. Pursuant to §§ 9-4305 and 9-4307, employers such as Defendants who violate the PWTO shall be liable to Plaintiff for the unpaid wages due, costs, reasonable attorneys' fees, and penalties of up to $2,300.00 per week, per employee.

**WHEREFORE**, Plaintiff requests that judgment be entered against Defendants, in the form of back-pay, liquidated damages, attorneys' fees and costs, and all other available damages under the PWTO to the fullest extent permitted by law, as well as any other relief the Court may deem just and equitable.

**Morgan Rooks, P.C.**

/s/ Franklin J. Rooks, Jr.
Franklin J. Rooks, Jr., Esquire
PA Attorney ID: 309562
525 Route 73 North, Suite 104
Marlton, NJ 08053
Telephone No. (856) 874-8999
Facsimile No. (856) 494-1707
Email: fjrooks@morganrooks.com

Dated: May 28, 2025